KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,    ) | No. CV 12-432-PHX-DGC (MHB) |
| Plaintiff,    ) | No. CR 11-2177-PHX-DGC |
| v.    ) | **ORDER** |
| Joel Ontiveros-Ramirez,    ) | |
| Defendant/Movant.    ) | |

Movant Joel Ontiveros-Ramirez, who is confined in the Corrections Corporation of America-Florence Correctional Center in Florence, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court will summarily dismiss the motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Re-Entry of Removed Alien, in violation of 8 U.S.C. § 1326(a) with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1). On January 23, 2012, the Court sentenced Movant to a 27-month term of imprisonment followed by 3 years on supervised release.

Movant seeks a reduction of his sentence. He argues that he was given "a high time sentence just for Re-Entry." Movant also states that he has family in Mexico waiting for him and that he is their only means of support.

. . .

. . .

1  **II.     Summary Dismissal**

2        A district court must summarily dismiss a § 2255 application "[i]f it plainly appears
3  from the motion, any attached exhibits, and the record of prior proceedings that the moving
4  party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the
5  United States District Courts.  When this standard is satisfied, neither a hearing nor a
6  response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526
7  (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

8        In this case, the record shows that summary dismissal under Rule 4(b) is warranted
9  because Movant has waived the right to bring a § 2255 motion.

10 **III.    Waiver**

11       Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals
12 has found that there are "strict standards for waiver of constitutional rights."  United States
13 v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume
14 waiver from a silent record, and the Court must indulge every reasonable presumption
15 against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d
16 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and
17 unequivocal.

18       Plea agreements are contractual in nature, and their plain language will generally be
19 enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,
20 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a
21 § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,
22 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only
23 claims that cannot be waived are claims that the waiver itself was involuntary or that
24 ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.
25 Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
26 right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
27 ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,
28 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel

1  erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,
2  985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective
3  assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4
4  (declining to decide whether waiver of all statutory rights included claims implicating the
5  voluntariness of the waiver).

6       "Collateral attacks based on ineffective assistance of counsel claims that are
7  characterized as falling outside [the category of ineffective assistance of counsel claims
8  challenging the validity of the plea or the waiver] are waivable." United States v.
9  Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396
10 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth,سixth, Seventh, and Tenth
11 Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and
12 knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack,
13 in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel
14 during sentencing.").

15      As part of his plea agreement, Movant made the following waiver:

> Providing the defendant's sentence and disposition are consistent with this agreement, the defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the Court's entry of judgment against defendant, or any aspect of the defendant's sentence or disposition, including the manner in which the sentence or disposition is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. **The defendant acknowledges that if the court has sentenced the defendant and imposed disposition according to the terms of the agreement, this waiver shall result in the dismissal of any appeal, collateral attack or other motion the defendant might file challenging the conviction, order of restitution of forfeiture, or sentence or disposition in this case.**

24 (Doc. 18) (emphasis added). Movant indicated in his plea agreement that he had discussed
25 the terms with his attorney, agreed to the terms and conditions, and entered into the plea
26 voluntarily. (Doc. 18).

27      Movant's assertions in his § 2255 motion all pertain to sentencing and do not pertain
28 to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition

of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion. Accordingly,

**IT IS ORDERED:**

(1) The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 19 in CR 11-2177-PHX-DGC) is **denied** and the civil action opened in connection with this Motion (CV 12-432-PHX-DGC (MHB)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 17th day of April, 2012.

David G. Campbell
United States District Judge